Keith E Sonderling, Acting Secretary of )
Labor, United States Department of Labor )
)
Plaintiff, )
v. )
Alaska Goldmine LLC; Sheldon Maier )
and Janne Maier )
)
Defendant. )

**Case No.:** 4:26-cv-00025-ACP

RECEIVED

JUN 09 2026

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Alaska Goldmine LLC; Sheldon Maier and Janne Maier by and through *pro se*, hereby answers the Complaint for Injunctive Relief as follow:

## I. GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), **Defendants categorically deny each and every allegation, claim, and assertion contained in Plaintiff's Complaint,** except those expressly admitted herein.

## II. INTRODUCTION

The Secretary seeks extraordinary injunctive relief under the Federal Mine Safety and Health Act of 1977 ("Mine Act"), 30 U.S.C. § 801 et seq., alleging that Defendants operate a "mine" subject to MSHA jurisdiction.
The Secretary's Complaint fails as a matter of law because Defendants' **activities do not constitute mining and do not enter or affect interstate commerce,** which is a foundational jurisdictional requirement under the Mine Act.

Defendants' activities consist solely of **private use of material, with no sale, no customers, no distribution, and no interstate movement of any product.**
The Secretary issued no citations, alleges no imminent danger, and relies solely on the presence of heavy equipment and vehicles to assert jurisdiction.
**This is insufficient as a matter of law.**

## III. FACTUAL BACKGROUND

1. Defendants previously mined "One Above" which is a state mining claim that Alaska Goldmine LLC leased from Jopa Cooperation

2. Defendants cancelled the property lease in 2024 and **discontinued mining as directed by the preliminary injunction 4:23-CV-00019-JMK**
3. **Alaska Goldmine LLC has ceased all operation and holds no assets, no business license and no mining license in Alaska or any other state**
4. Sheldon and Janne Maier moved their privately owned equipment to their private property following termination of the lease between Alaska Goldmine LLC and Jopa Cooperation
5. Sheldon and Janne Maier **conduct private land-use activities**, including earthmoving and site work for personal purposes.
6. Sheldon and Janne Maier **do not extract minerals for sale and do not engage in any commercial mining activity.**
7. Mine Safety and Health Administration (MSHA) **officer illegally took aerial photos of privately owned equipment on private property** with a residence; *State v. McKelvey* Alaska Supreme Court
8. MSHA officer trespassed private property on foot and **took pictures of private vehicles and abode**
9. MSHA issued **no citations** and alleges no specific hazard or violation.
10. MSHA asserts jurisdiction solely because Sheldon and Janne Maier had "several heavy digging machines active, as well as several passenger vehicles on site."
11. The **presence of equipment does not create MSHA jurisdiction** where the statutory definition of a "mine" is not met.

## IV. LEGAL STANDARD

### A. MSHA Jurisdiction Requires a "Mine" Whose Products Enter or Affect Commerce

The Mine Act applies only to:

"each coal or other mine, the products of which enter commerce, or the operations or products of which affect commerce."
—30 U.S.C. § 803 (emphasis added)

"Commerce" is defined as:

"trade, traffic, commerce, transportation, or communication among the several States…"
—30 U.S.C. § 802(b)

### B. The Secretary Bears the Burden of Establishing Jurisdiction

Federal courts consistently hold that MSHA must prove the existence of a "mine" and a nexus to commerce:

## V. ARGUMENT

### A. Defendants' Activities Do Not Constitute "Mining" Under 30 U.S.C. § 802(h)

A "mine" includes land used in the commercial extraction of minerals.
Defendants do not extract minerals for sale and do not engage in any commercial mining activity.

Private land-use activities, even if involving excavation or heavy equipment, **do not constitute mining** under the Mine Act.

Courts have repeatedly rejected MSHA jurisdiction where the activity is non-commercial:

## B. No Mineral Products Enter or Affect Interstate Commerce

Sheldon and Janne Maier's activities produce **no product** that enters commerce.
There is:

- **No sale of minerals**
- **No customers**
- **No contracts**
- **No distribution**
- **No interstate movement of material**

This is fatal to MSHA's case.

## C. The Secretary Cannot Rely on the Mere Presence of Equipment

MSHA asserts jurisdiction because Defendants had "heavy digging machines" and "passenger vehicles" on site.
This is legally insufficient.

Courts have held:

- The presence of equipment does not create a mine.
- The Secretary must show **commercial extraction**, not merely activity or machinery.

## D. Without Jurisdiction, Injunctive Relief Is Unavailable

Federal courts **lack subject-matter jurisdiction** where the statutory prerequisites of the Mine Act are not met.
Because MSHA cannot establish that Defendants operate a mine engaged in commerce, the Complaint must be dismissed.

## VI. AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, Defendant does not assume the burden of proof on any issue where such burden rests with the Plaintiff. Defendant reserves the right to assert additional affirmative defenses as discovery proceeds.

Lack of Jurisdiction – Not Engaged in Commerce Under the Mine Act

Defendant asserts the following affirmative defense to the Complaint for Injunctive Relief filed by the Secretary of Labor, MSHA:

## 1. Lack of Subject-Matter Jurisdiction

The Mine Act applies only to mines whose products enter or affect commerce. Defendants' activities do not meet this requirement.

## 2. Failure to State a Claim

The Complaint alleges no commercial mining activity and no statutory basis for jurisdiction.

## 3. No Imminent Danger or Violation

MSHA issued no citations and alleges no hazard, violation, or imminent danger.

## 4. Private Use Exception

Sheldon and Janne Maier's activities are private, non-commercial, and outside the scope of the Mine Act.

## 5. Overbreadth and Ultra Vires Action

The Secretary seeks to regulate private land use beyond the authority granted by Congress.

## VI. PRAYER FOR RELIEF

Defendants respectfully request that the Court:

1. **Dismiss the Complaint with prejudice;**
2. **Declare that the Mine Act does not apply to** Sheldon and Janne Maier's activities;
3. **Deny all injunctive relief** sought by Plaintiff;
4. **Award Defendants costs and** fees as permitted by law; and
5. Grant any further relief the Court deems just and proper.

6 / 9 / 2026

Dated:

Respectfully submitted,

Janne Maier for Alaska Goldmine LLC

Sheldon Maier and Janne Maier
276 Eagle Ridge Rd, Fairbanks, AK, 99712, (907) 322 6602

**CERTIFICATE OF SERVICE**

I hereby certify that on ___6/9/2026___, a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon all counsel of record / parties via U.S. Mail at the following address:   **David H Clark, 909 First Avenue Suite 230, Seattle WA, 98104**

Sheldon Maier