# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

KEITH E. SONDERLING,
Acting secretary of Labor,
United States Department of Labor,

      Plaintiff,

      v.

ALASKA GOLDMINE LLC, SHELDON
MAIER, and JANNE MAIER,

      Defendants.

4:26-cv-00025-ACP

**ORDER DENYING**
**RECONSIDERATION**
[Dkt. 13]

In 2023, the Federal Government sued Sheldon and Janne Maier over violations of federal law at their mine site near Fairbanks. The District Court issued an injunction barring mining activity at the mine site until the Maiers comply with federal law. Instead of complying, the Maiers told the Government they "will not be mining," and the prior case was dropped. (Dkt. 5-2 at 6, 9) But when regulators inspected the mine site in 2025, they allegedly saw new mining activity.

The Government filed this lawsuit and sought a preliminary injunction to inspect the mine site. The Maiers answered the complaint but did not respond to the request for a preliminary injunction. (Dkt. 11) However, the arguments in their answer were considered as reasons to deny the preliminary injunction. (Dkt. 12 at 3) The request for a preliminary injunction as granted, and the Maiers have moved for reconsideration. (Dkt. 13)

The motion for reconsideration is **DENIED**. First, the motion is untimely. Local Rule 7.3(h) says that a motion for reconsideration base, like this one, on an alleged manifest error must be filed "not later than 7 days after the entry of the order" at issue. The preliminary injunction order was issued on June 15, 2026.[1] The motion for reconsideration thus was due by June 22, 2026. But it was not dated until July 6, 2026. Even allowing a grace period for conventional filing, the motion is untimely.

The motion also lacks merit. A manifest error is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Error*, Black's Law Dictionary (12th Ed. 2024). The Maiers failed to make this showing. First, they argue that the Court misunderstood the interaction between the Mine Act and the Commerce Clause. (Dkt. 13 at 2) But that argument was raised in the Maiers' answer to the complaint, and it was directly addressed in the order granting a preliminary injunction. (Dkt. 12 at 7) The fact that a party disagrees with a ruling does not make it a manifest error. And this Court is bound by the Supreme Court's interpretation of the Commerce Clause even if it is broader than the Maiers conception of the Clause.

Second, the Maiers argue that the Court made an incorrect factual assumption about whether their conduct affected interstate commerce. (Dkt. 13 at 3) They repeat that no minerals were sold, no customers existed, no material crossed state lines, and the operation was strictly private (not commercial) use. (*Id.*) Again that very argument was

---

[1] The Maiers say the order was issued on June 18. Even if that were true, the motion for reconsideration would still be untimely.

discussed in the preliminary injunction order. (Dkt. 12 at 7) The order explains that under Ninth Circuit precedent, the Mine Act can extend to mere exploration. (Dkt. 12 at 6-7) And the Maiers have never, with any filing, produced evidence to support their factual assertions. The part of the initial order addressing this issue was not a manifest error.

The Maiers cite *Morton v. Bloom*, 373 F. Supp. 797 (W.D. Pa. 1973) as evidence of a manifest error. Even if that case conflicted with the Court's prior holding, it is not binding precedent and thus cannot form the basis of a manifest error.

The Maiers also ask for a stay of the preliminary injunction order. (Dkt. 13 at 3-4) The standard for granting a stay is similar to the standard for granting a preliminary injunction. *See Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998) ("We evaluate stay requests under the same standards [for] evaluating motions for preliminary injunctive relief."). The analysis from the prior preliminary injunction order is incorporated here. The Maiers have not added anything new to the record, so those findings govern this issue as well. The request for a stay is **DENIED**.

IT IS SO ORDERED.

DATED June 8, 2026 at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge